IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PLAY TO WIN, LLC,

    Plaintiff,

v.

FERGUSON ENTERPRISES, INC.,

    Defendant AND 3rd Party Plaintiff

v.

STATEWIDE MECHANICAL,

    3rd Party Defendant.

Civ. No. 6:11-cv-06294-MC

ORDER

**MCSHANE, Judge:**

For the reasons set forth below, Third-Party Defendant Statewide Mechanical's Motion for Summary Judgment [#63] is **DENIED**. Request for Oral Argument is **DENIED**.

1 – ORDER

## BACKGROUND

This case was filed in September of 2011, when plaintiff Play to Win filed a class action construction product liability claim against Ferguson Enterprises ("Ferguson"), for defective pipe fittings ("PROFLO" cross-linked polyethylene "PEX" brass pipe systems) that Ferguson manufactured and were installed in hotels and other buildings in southern Oregon, that leaked, causing millions in damages. The proposed plaintiff class (*not-yet certified*) is "Oregon residents who own buildings in Oregon containing the PROFLO pipe fittings made by Ferguson." [#1].

In July 2012, Ferguson filed a 3rd party claim [#28] against Statewide Mechanical ("Statewide"), the construction contractor who installed the fittings made by Ferguson. Ferguson claims their fittings were *not* defective, but were instead installed improperly by Statewide.

In March 2014, Statewide filed a Motion to lift the Stay [#62], for the limited purpose of allowing their Motion for Summary Judgment (MSJ) [#63] to be heard. On May 7, 2014, Statewide's Motion was granted [#76]. On May 9, 2014, the parties participated in a Rule 16 Conference with this Court and additional briefing regarding the issues presented within the MSJ was allowed [#78]. Ferguson responded to the MSJ in multiple filings [#67, 71, 73, 74, 75, 80]. Statewide has also been allowed to respond through multiple filings [#63, 64, 65, 66, 71, 79, 82]. A final Response (to Ferguson's Surreply) by Statewide was allowed by a separate Order [#84]. Requests for Oral Argument were denied [#76, 78, 84].

Having been fully briefed by all parties, Statewide's MSJ [#63] is now before this Court.

2 – ORDER

## STANDARD OF REVIEW

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is genuine "if the evidence is such that a reasonably jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air., Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995) (citing *Jesinger v. Nevada Federal Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994)). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see* Fed. R. Civ. P (56)(c).

## DISCUSSION

Ferguson has shown in its responses [#67, 71, 73, 74, 75, 80] that there are indeed genuine issues of material fact as to Statewide's potential contributory negligence. Specifically, Ferguson's expert claims Statewide installed the fittings incorrectly, did not follow industry standards, and did not have proper permits, etc. [#73]. If these claims are proven true, Statewide may be liable for damages under theories of contribution and comparative negligence.

In short, this Court finds that genuine issues of material fact *do* exist as to Statewide's potential negligence and the extent to which the alleged negligence of was a contributing cause to the damages sought by plaintiff Play-To-Win under the applicable law in this case. Therefore, Statewide's Motion for Summary Judgment is denied.

3 – ORDER

## CONCLUSION

For these reasons, Third-Party Defendant Statewide Mechanical's Motion for Summary Judgment **[#63]** is **DENIED**. Statewide is therefore ordered to attend and participate in the Settlement Conference set for 7/15/2014 at 10:00AM in the chambers of Magistrate Judge Thomas M. Coffin.

IT IS SO ORDERED.

DATED this 25th day of June, 2014.

**Michael J. McShane**
**United States District Judge**

4 – ORDER